Cris A. Rasco (TBN 16551600)
Rasco Law Firm
2709 Texas Avenue
Texas City, Texas  77590
Tel: (409) 750-0436
Fax: (409) 995-0902
crisrasco@rascolawfirm.com

Attorney for Plaintiff
TARRIS L. WOODS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **TARRIS L. WOODS , BRENDA ELDRIGE, JOANN BILLINGSLY, SONYA SLATE, and CHRISTOPHER McHENRY** ) ) ) ) | CASE NO 3:15-CV-51 |
| **Plaintiffs,** ) ) | COMPLAINT FOR DAMAGES FOR VIOLATION OF |
| v. ) ) | INDIVIDUAL CIVIL RIGHTS AND LIBERTIES |
| **GALVESTON HOUSING AUTHORITY, IRWIN M. "BUDDY" HERZ, ANTHONY BROWN, ANN MASEL, J.T. EDWARDS, VIRGINIA FRENCH, JAMES YARBOROUGH, and CITY OF GALVESTON.** ) ) ) ) ) ) ) ) ) | |
| **Defendants.** ) | |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR DAMAGES FOR VIOLATION OF INDIVIDUAL CIVIL RIGHTS AND LIBERTIES**

I.

PREFATORY

1. This is a complaint for damages for violations of several individual's constitutional rights to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution, as well as the right to be free from invasions of privacy under the First, Fifth and Fourteenth Amendments to the United States Constitution.  Plaintiff, Tarris L. Woods ("Woods" or "Plaintiffs"), a city council member for

the City of Galveston, was required to allow videotaped housing quality standards inspections ("HQS") inspections on his Section 8 properties under threat of termination of his properties from the Galveston Housing Authority Section 8 program if he refused. These actions constitute gross violations of clearly established constitutional rights. As such, Plaintiffs have brought suit under 43 U.S.C. Section 1983, seeking damages for said actions.

## II.
## JURISDICTION AND VENUE

2. Plaintiffs' action is authorized by 42 U.S.C. § 1983, which provides for redress for the deprivation under color of state law of rights secured by the Constitution and the laws of the United States. Jurisdiction is conferred on this Court by 28 U.S.C. § 1343(3), providing for jurisdiction in this Court of suits authorized by 42 U.S.C. § 1983 to redress the deprivation under color of state law of any right, privilege, or immunity secured by the Constitution of the United States, and by 28 U.S.C. § 1343(4), providing for the protection of civil rights. Venue is proper in the Southern District of Texas in that the wrongs alleged herein occurred within the City of Galveston, within the Southern District.

## III.
## PARTIES

3. Plaintiff, WOODS, is a city council member of the City of Galveston. At all times relevant to the allegations contained herein, Woods has been a resident of Galveston County, Texas.

4. Plaintiff, BRENDA ELDRIDGE ("Eldridge" or "Plaintiffs") was a tenant in Woods Section 8 property located at 3621 Ball St., Galveston, Texas 77550. At all times relevant to the allegations contained herein, Eldridge has been a resident of Galveston County, Texas.

5. Plaintiff, JOANN BILLINGSLY ("Billingsly" or "Plaintiffs") was a tenant in Woods Section 8 property located at 1121 Martin Luther King, Galveston, Texas 77550. At all times relevant to the allegations contained herein, Billingsly has been a resident of Galveston County, Texas.

6. Plaintiff, SONYA SLATE ("Slate" or "Plaintiffs") was a tenant in Woods Section 8 property located at 3620 Avenue M, Galveston, Texas 77550. At all times relevant to the allegations contained herein, Slate has been a resident of Galveston County, Texas.

7. Plaintiff, CHRISTOPHER McHENRY ("McHenry" or "Plaintiffs") was a tenant in Woods Section 8 property located at 504 Lennox Ave., Galveston, Texas 77551. At all times relevant to the allegations contained herein, McHenry has been a resident of Galveston County, Texas.

8. Defendant, Galveston Housing Authority ("GHA" or "Defendants"), is a public agency organized under the laws of the State of Texas, situated in the County of Galveston and may be served with process by serving its Chairman, Irwin M. "Buddy" Herz at 4700 Broadway, Galveston, TX 77551. GHA administers federal housing programs according to regulations promulgated by the U.S. Department of Housing and Urban Development ("HUD"). At all times relevant herein, and for all purposes connected with the management of its operation, including the inspection matters at issue with Plaintiffs, GHA's Board of Directors is its final policy-making authority. Defendants, Irwin M. "Buddy" Herz, Anthony Brown, Ann Masel, J.T. Edwards, and Virginia French are members of the GHA Board. GHA adopted and ratified each of the decisions of these individuals as alleged herein as its own policies, customs, practices or decisions, as if the same had been promulgated directly by HUD.

9. Defendant, Irwin M. "Buddy" Herz, ("Herz" or "Defendants") was at all times relevant, as he is now, GHA's Board Chairman. In doing the things alleged herein, Herz acted under color of state law, within the course and scope of his duties, and as an official policy-maker for GHA.

10. Defendant, Anthony Brown, ("Brown" or "Defendants") was at all times relevant, as he is now, GHA's Board Vice-Chairman. In doing the things alleged herein, Brown acted under color of state law, within the course and scope of his duties, and as an official policy-maker for GHA.

11. Defendant, Ann Masel, ("Masel" or "Defendants") was at all times relevant, as she is now, one of GHA's Commissioners. In doing the things alleged herein, Masel acted under color of state law, within the course and scope of her duties, and as an official policy-maker for GHA.

12. Defendant, J.T. Edwards, ("Edwards" or "Defendants") was at all times relevant, as he is now, one of GHA's Commissioners. In doing the things alleged herein, Edwards acted under color of state law, within the course and scope of his duties, and as an official policy-maker for GHA.

13. Defendant, Virginia French, ("French" or "Defendants") was at all times relevant, as she is now, one of GHA's Commissioners. In doing the things alleged herein, French acted under color of state law, within the course and scope of her duties, and as an official policy-maker for GHA.

14. Defendant, James Yarborough ("Yarborough" or "Defendants") was at all times relevant, as he is now, Mayor for the City of Galveston. In doing the things alleged herein, Yarborough acted under color of state law, within the course and scope of his duties, and as an official policy-maker for the City of Galveston. Mayor Yarborough is and at all times relevant charged with appointment and removal of directors of Galveston Housing Authority pursuant to Tex. Loc. Gov't. Code § 392.031.

15. Defendant, City of Galveston, Texas (hereinafter called the "City" or "Defendants") is a home-rule municipal corporation situated in Galveston County, Texas, incorporated and operating under the laws of the State of Texas and may be served with process by serving Janelle Williams, City Secretary, 823 Rosenberg, Suite 201, Galveston, Texas 77550.

16. Defendant DOES 1 THROUGH 10 are not known or identified at this time. On information and belief, Plaintiff alleges that each DOE is in some manner responsible for the wrongs alleged herein, and that each such Defendant advised, encouraged, participated in, ratified, directed or conspired to do, the wrongful acts alleged herein. When the true names and capacities of said Defendants become known, Plaintiff will seek relief to amend this Complaint to show their true identities in place of their fictitious names as DOES 1 THROUGH 10.

17. Defendants, and each of them, were the agents and servants of every other Defendant. Defendants acted in the course and scope of said agency, service and duties at all relevant times.

IV.

FACTS COMMON TO ALL COUNTS

18. Plaintiffs hereby incorporate each and every preceding paragraph as though it were set forth in full.

19. Defendant GHA administers federal housing programs according to regulations promulgated by HUD. Woods owns several houses and participates in GHA's Section 8 rental voucher program wherein owners rent housing units to low income families and GHA contributes a portion of the rent from HUD supplied funds.  Plaintiffs, Eldridge, Billingsly, Slate, and McHenry were, at all times relevant, tenants in Woods units.  Associated with each of Woods's housing units, Woods entered into a Housing Assistance Payments Contract ("HAP Contract") with GHA.  HAP Contracts are promogulated by HUD and govern the relationship between the local housing authority and the property owner. The HAP Contract provides for inspections to assure quality of the housing. However, neither the HAP Contract nor any HUD regulation require, or authorize videotaping of HQS inspection.  On or about September 11, 2014, GHA's attorney Carla Catropia advised Woods by letter all HSQ Inspections of Woods' properties would be videotaped. On September 24, 2014, after Woods objected, GHA's Deputy Executive Director, Mona Purguson, threatened to terminate Woods' properties from the GHA Section 8 program if he refused to allow videotaping of HQS Inspections.  Woods requested, but GHA denied Woods any appeal from GHA's decision to videotape. GHA initially placed Woods' appeal on its agenda on October 6, 2014; however, at the request of Herz, the agenda item was removed before GHA posted the agenda.  Over Woods' objection, GHA's Chairman, Herz, announced GHA's decision to videotape HSQ Inspections of Woods' property in GHA's open meeting on October 6, 2014.  On October 21, 2014, GHA's Chairman, Herz, and Vice Chairman, Brown, informed Woods by letter of GHA's decision to videotape all HQS Inspections of Woods properties. Subsequently, GHA Inspectors conducted and videotaped the inspections of Woods' properties.  Of the 805 landlords who own units under HAP Contracts with GHA, including Yarborough, no other HQS inspections have ever been videotaped, only Woods'.

20. Yarborough stated on the record at the October 9, 2014 regular meeting of the City Council of the City of Galveston if he thought GHA board members were discriminating against anyone he would ask for their resignation. Yarborough has authority to remove GHA Board members pursuant to Tex. Loc. Gov't. Code § 392.031. Being thoroughly informed of the

facts asserted herein, Yarborough took no action. This inaction violated Plaintiffs' constitutional rights. The City, acting through its Mayor, contributed to the discriminatory conduct of GHA by ratifying the acts of GHA and Yarborough. After a thorough investigation of allegations of discriminatory conduct complained of herein, the City consciously chose to do nothing.

21. GHA Board's decision to videotape Woods' property inspections was never posted on an agenda and was made outside of a public meeting in violation of the Texas Open Meetings Act.  Tex. Govt. Code § 551.

## V.

## COUNT ONE

*42 U.S.C. § 1983 - (Against All Defendants)*

22. Plaintiffs hereby incorporate each and every preceding paragraph as though it were set forth in full.

23. Defendants' actions violated Plaintiffs' constitutionally protected rights to be free from unreasonable searches and seizures, as well as their constitutionally protected right to be free from invasions of privacy.

24. By compelling Plaintiffs to produce their personal, private property under threat of contract and termination, without a search warrant, without probable cause, nor pursuant to a lawful arrest, without consent, and otherwise without any lawful justification, these Defendants violated Plaintiffs' Fourth and Fourteenth Amendment protections against unreasonable searches and seizures.

25. The First, Third, Fourth, Ninth and Fourteenth Amendments to the United States Constitution carry an implicit "privacy" right, and consequently "zones of privacy" which emanate to individuals under certain circumstances.  By compelling Plaintiffs to produce their personal, private property under threat of contract and termination, these Defendants invaded a legally protected zone of privacy and lacked any legitimate interest and their actions were not narrowly tailored to meet any legitimate interests.

26. The Defendants, in committing the acts complained of herein, acted by an act of GHA's governing body, GHA's direct causal link between GHA's adoption and implementation of its policy to videotape inspections of Woods' properties and the deprivation of Plaintiffs' federally protected rights, imposing liability on GHA. Defendants actions are official policy of GHA and represent the acts of GHA itself.  At all times, Defendants were aware of their acts and omissions, specifically their failure to comply with constitutional procedures and substantive requirements, and consequently the violations of law derived thereof.

27. By singling Woods out for videotaped inspections, Defendants derived Woods of his constitutional right to equal protection under the law. This equal protection violation disparate treatment is based upon sheer vindictiveness, maliciousness, animosity or spite toward a single entity or individual unrelated to any legitimate state interest.

28. The Defendants, in committing the acts herein, deprived Woods of property rights under the HAP Contracts on his housing units, including his right to receive the financial benefits related to the HAP Contracts, including rents and GHA's contractual obligation to pay it's portion of the rent on each of the properties in violation of Woods' right to due process.

29. The Defendants acted despicably, with the intent to harm, oppress and deprive Plaintiffs of their rights under the United States Constitution, entitling Plaintiffs to punitive damages against the individual defendants in an amount to be proven at trial.  At all times herein, the constitutional rights as described herein were clearly established.

30. Plaintiffs are entitled to an award of reasonable attorney fees as allowed by law, including, without limitation, under 42 U.S.C. § 1988.

## VII.

## COUNT TWO

*Tex. Open Meetings Act, Tex. Govt. Code § 551 - (Against All Defendants)*

31. GHA Board's decision to videotape Woods' property inspections was never posted on an agenda and was made outside of a public meeting in violation of the Texas Open Meetings Act.  Tex. Govt. Code § 551.

## VI.

## PRAYER

**WHEREFORE,** Plaintiffs pray:

1. For general, special, exemplary and punitive damages according to proof;

2. For costs of suit;

3. For attorneys fees under 42 U.S.C. § 1988, and otherwise as permitted by law; and

4. For other appropriate relief.


Dated:  March 9, 2015                            Respectfully submitted,

                                                         **RASCO LAW FIRM**

                                                         **/S/**
                                                       **Cris A. Rasco**
                                                       State Bar No: 16551600
                                                       Rasco Law Firm
                                                       2709 Texas Avenue
                                                       Texas City, TX  77590
                                                       (409) 750-0436 - Telephone
                                                       (409) 995-0902 - Facsimile
                                                       crisrasco@rascolawfirm.com
                                                       **ATTORNEY FOR PLAINTIFFS TARRIS L. WOODS, BRENDA ELDRIDGE, JOANN BILLINGSLY, SONYA SLATE and   CHRISTOPHER McHENRY**